UNITED STATES v. ASHCROFT MFG. CO.

(Circuit Court, D. Connecticut.    June 18, 1909.)

No. 723 (2,041).

CUSTOMS DUTIES (§ 25*)—CLASSIFICATION—GLASS STRIPS—"PRISMATIC FORM."
  The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par.
  110, 30 Stat. 158 (U. S. Comp. St. 1901, p. 1635), for glass strips "ground
  or polished on one or both sides to a  *  *  *  prismatic form," does
  not require that the strips shall be in the form of a prism, nor that an en-
  tire side shall be in prismatic form; and strips into one side of which
  parallel incisions have been ground or polished, producing prisms, are
  within that provision.
    [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 25.*]

On Application for Review of a Decision by the Board of United
States General Appraisers.

In the decision below the Board of General Appraisers reversed the
assessment of duty by the collector of customs at the port of Bridge-
port; the decision being rendered on the authority of a former de-
cision.  G. A. 6,721 (T. D. 28,774).  The case involves construction
of Tariff Act July 24, 1897, c. 11, § 1, Schedule B, pars. 100, 110, 30
Stat. 158, 159 (U. S. Comp. St. 1901, pp. 1633, 1635), reading as
follows:

"100. Glass bottles, decanters, or other vessels or articles of glass cut, en-
graved, painted, colored, stained, silvered, gilded, etched, frosted, printed in
any manner or otherwise ornamented, decorated, or ground (except such grind-
ing as is necessary for fitting stoppers), and any articles of which such glass is
the component material of chief value, and procelain, opal and other blown
glassware; all the foregoing, filled or unfilled, and whether their contents be
dutiable or free, sixty per centum ad valorem."

"110. Strips of glass, not more than three inches wide, ground or polished on
one or both sides to a cylindrical or prismatic form, and glass slides for magic
lanterns, forty-five per centum ad valorem."

John T. Robinson, U. S. Atty.
McLaughlin, Russell, Coe & Sprague (Walter Evans Hampton, of
counsel, and Edward P. Sharretts, on the brief), for importers.

PLATT, District Judge.  The merchandise in dispute covers strips
of glass less than two inches wide.  Five parallel incisions have been
made upon one side by grinding or polishing, thus forming four
prisms.  Other grinding and polishing has been done upon them, but
not enough to affect their classification.  They are intended to form
a part of the water gauge on steam boilers, taking the place of the
tubular gauges formerly used.  They have entered into commerce
since the date of the present tariff act.

The government wishes to get this merchandise into the cut and
decorated glassware paragraph (100) of the tariff act (Act July 24,
1897, c. 11, § 1, Schedule B, 30 Stat. 157 [U. S. Comp. St. 1901, p.
1633]).  To the average intelligence it would seem to be appropriate-
ly described as a strip of glass not more than three inches wide, ground
on one side to a prismatic form.  The government contends that the

language used by Congress does not fit, because the entire side is not ground to a prismatic form. It is admitted that a prismatic form is ground into the side, and the statute does not say that the side shall be ground into a prismatic form. It is the strip that is to be so ground, on one or both sides. Of course the importation is not a prism, and whether it were so or not is immaterial.

My experience in customs cases has never led me to a contention more easily solved than this. Paragraph 110 almost seems to have been written in a prophetic spirit, with such merchandise as this dimly in mind. Paragraph 100, which starts with bottles and decanters and enlarges the scope somewhat by adding "or other vessels," and again "or articles," and then groups them at the end in this wise, "all the foregoing, filled or unfilled," would seem to have definitely and positively eliminated from any possible construction such articles as these prismatic gauges.

Decision affirmed.